UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK VINZANT                                           CIVIL ACTION

versus                                                 NO. 03-0761

ORLEANS PARISH PRISON, et al                           SECTION "C" (1)


ORDER AND REASONS

Before the Court are Plaintiff's Motion to Reopen his claims under 42 U.S.C. § 1983 against

authorities at Orleans Parish Prison, and his Motion for Access to the law library and phone at Saint

Barnard Parish Prison to assist in conducting further discovery.  Having considered the motions, the

record and the law, the Court hereby DENIES Plaintiff's Motions.

I.      Background

On March 19, 2003, Plaintiff Mark Vinzant first asserted claims under 42 U.S.C. § 1983

against officials at Orleans Parish Prison (OPP), who were alleged to have been deliberately indifferent

to his health when in March 2002 he was required (with other inmates) to paint his tier and cell with

"toxic" paint.  (*See generally* Rec. Doc. 1).  On May 13, 2003, the first preliminary telephone status

conference (TSC) was set.  (Rec. Doc. 8).   On June 10, the TSC was indefinitely postponed until

Plaintiff's transfer to Lompoc Prison in California was complete.  After a continuance prompted by

1

Plaintiff, a first TSC was conducted in front of the Magistrate Judge on August 12, 2003, at which

Defendants were ordered to produce a copy of Plaintiff's medical records.  (Rec. Doc. 17).   On

October 23, prison officials at Lompoc arranged for Plaintiff's telephone appearance at a second TSC.

(Rec. Doc. 20).

After refusing to consent to the Magistrate, the matter came before this Court and another TSC

was scheduled on December 12, 2003 (Rec. Doc. 24).  After repeated efforts to contact the Plaintiff

by mail, the TSC was canceled on January 9, 2004.  (Rec. 25).  The matter was subsequently placed

on the Court's call docket on January 21 and dismissed without prejudice when Plaintiff failed to

appear. (Rec. Doc. 27).  On February 6, 2004, Plaintiff contacted the Court through retained counsel

and his claims were reinstated.  (Rec. Doc. 29).  A third TSC was scheduled, continued and held on

March 30, 2004, setting trial dates. (Rec. Doc. 32).  After the trial was continued, another TSC was

scheduled on November 17, 2004.  This TSC was again continued when Plaintiff's counsel withdrew

from the case to permit Mr. Vinzant time  to retain different counsel.  (Rec. Doc. 39).  The TSC was

reset to March 24, 2005.   Despite efforts to contact Plaintiff, Mr. Vinzant for a second time failed to

participate at this TSC.  On March 29, the matter was dismissed without prejudice for second time due

to Plaintiff's absence.  (Rec. Doc. 42).  At some point, *after* the March 24 TSC, Plaintiff was arrested

and is currently in custody at St. Barnard Parish Prison.

On May 10, 2005 Plaintiff filed the instant motion to reopen the case.  (Rec. Doc. 44). In a

companion motion, he seeks copies of his court record at public expense and access to the law library

at St. Barnard Parish Prison in addition to the use of phone calls to conduct discovery.  (Rec. Doc. 45).

II.     **Law and Analysis**

In its Order the Court dismissed Plaintiff's claims for want of prosecution. (*See* Rec. Doc. 42).

A dismissal for want of prosecution is customarily deemed an involuntary dismissal under Fed. R. Civ.

P. 41(b).   *See Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993). Accordingly, Plaintiff's instant motion may be considered as either a  Fed. R. Civ. P 59(e) motion to alter or amend the judgment or a  Fed. R. Civ. P 60(b) motion for relief from the judgment. *Lavespere*, 910 F.2d at 173.  Because a Rule 59(e) motion must be filed within 10 days of entry of the judgment, and this motion was filed over a  month after entry of the order of dismissal, the Court treats the motion as a Rule 60(b) motion.  *See id.*

Rule 60(b) provides in pertinent part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P 60(b).  While a litigant may show cause to claim excusable neglect, a pattern of persistent inattention to or disregard of a district court's orders amounts to willful misconduct unworthy of relief under Rule 60.  *See Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)  ("We cannot agree that the repeated instances of deliberate indifference and disregard of the Court's orders and requests display[] . . .the product of 'oversight' or 'inadvertence.'").  Failure to provide legitimate reasons for a litigant's neglect in following court instructions precludes relief under Rule 60.  *See United States v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1421 (1st Cir. 1991) (affirming district court denial under Rule 60 when movant offered no justification for lack of response to summary judgment).

As is evident in the recitation of the procedural history of this case, the Court has afforded Mr. Vinzant great latitude to maintain his claims by granting repeated continuances of both telephone status conferences and trial dates while he has been transferred between correctional facilities and sought to retain different counsel.  In his present motion, Plaintiff justifies his absence from the March

24 TSC because he was "arrested in March." (Rec. Doc. 44). However, the March 24 TSC occurred *prior* to his arrest. (*See* 02cr0168, Rec. Doc. 98) (indicating arrest warrant was issued on March 24, 2005). He thus offers no legitimate justification for his neglect. More important, the absence on March and 24 and 29 marks the second time in the course of this litigation that Plaintiff's claims were dismissed for failure to appear or participate at telephone status conferences or the Court's call docket. (*See* Rec. Doc. 27). Finally, the Court notes that at all significant junctures in the litigation, it attempted in vain to contact the Plaintiff by mail and by telephone to provide additional notice of all pertinent court dates, including both the most recent conference and call docket as well as earlier court dates, again in an effort to give him every opportunity to participate. In light of this apparent pattern of inattention or disregard, the Court will not permit Plaintiff to reopen his case at this point.

## III.     Conclusion

For the foregoing reasons, the Court holds that relief under Rule 60 is unwarranted. Accordingly, IT IS ORDERED that Plaintiff's Motion to Reopen be DENIED, and that all pending claims in the above-caption matter be DISMISSED WITH PREJUDICE. Due to this dismissal, the Court also denies Plaintiff's Motion for Access and Copies of the Court Record as MOOT.

New Orleans, Louisiana, this 2nd day of August, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE